

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGANUSH OGANDZHANIAN,<br><br>                                     Petitioner,<br><br>        v.<br><br>WARDEN OF OTAY MESA<br>DETENTION CENTER,<br><br>                                     Respondent. | Case No.:  26cv0093 DMS MSB<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a return to the Petition, and Petitioner, through counsel, filed a traverse.

As set out in the briefing, Petitioner is a citizen of Russia. (Return at 2.) On October 30, 2024, she entered the United States near San Ysidro, California without inspection by an immigration officer where she was apprehended by border patrol agents and taken into custody. (*Id.*) She is currently detained at Otay Mesa Detention Center. (Pet. at 1.) On January 12, 2025, Petitioner had an initial hearing before an immigration judge, but that hearing was continued to provide Petitioner an opportunity to seek counsel. (Return at 2.) Petitioner next appeared with counsel, who later filed a motion to consolidate Petitioner's case with that of her husband, also an arriving alien in removal proceedings. (*Id.*) On June 16, 2025, Petitioner's motion to consolidate was granted. (*Id.*)  Her merits hearing was

then set for August 18, 2025, but has been continued several times. (*Id.*) It is currently set for April 13, 2026. (*Id.*)

On January 7, 2026, Petitioner filed the present case seeking her release from custody. She raises three claims: First, that her prolonged detention violates her due process rights. Second, she argues her prolonged detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231. Petitioner's third claim is that her detention violates the Administrative Procedures Act ("APA"). In response to the Petition, Respondents raise a number of arguments. First, they argue the Court lacks jurisdiction to consider Petitioner's claim. Second, they assert Petitioner is lawfully detained under 8 U.S.C. § 1225(b). Third, Respondents contend Petitioner's detention has not been unreasonably prolonged.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed claims and arguments similar to those raised here based on facts similar to those in this case. In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights. *See De la Torre Duran*, ECF No. 11. Applying those factors to the present case results in the same conclusion. Indeed, on the length of detention factor, Petitioner here has been detained for fifteen months, more than three months longer than the petitioner in *De la Torre Duran*.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition. Respondents are directed to arrange an individualized

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

26cv0093 DMS MSB

bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order. The parties are ordered to file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing.

**IT IS SO ORDERED**.

Dated:  February 10, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0093 DMS MSB